**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **G&G CLOSED CIRCUIT PROGRAMS, LLC,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. 15-7258-CM |
| **EL SOL L.L.C. d/b/a EL SOL, et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

**MEMORANDUM AND ORDER**

Plaintiff G&G Closed Circuit Programs, LLC filed suit against defendants El Sol, L.L.C., Remigio Mier, and Maria Mier, alleging claims under 47 U.S.C. §§ 553 and 605. Plaintiff's claims arise from defendants' alleged unauthorized interception and display of a pay-per-view boxing event at the El Sol restaurant without a proper commercial license. Individual Defendants' Motion for Summary Judgment and Memorandum in Support Thereof (Doc. 26) is before the court. For the reasons set forth below, the court denies the motion.

**I.   Legal Standards**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" factual dispute requires more than a mere scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In making the summary judgment determination, the court must view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Adler v.*

*Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  However, the nonmoving party may not rest on the pleadings but must set forth specific facts.  *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).  Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  *Liberty Lobby*, 477 U.S. at 252.

## II.   Uncontroverted Facts

The following are the only material, uncontroverted facts before the court.[1]

Plaintiff is a limited liability company that, at the time of this dispute, owned the exclusive nationwide television distribution rights to the Austin Trout v. Saul Alvarez Fight Program (the "program"), which took place on April 20, 2013 and was telecast nationwide.  Defendant El Sol L.L.C. is a Kansas limited liability company that operates a restaurant doing business as El Sol in Ottawa, Kansas.  Defendants Remigio Mier and Maria M. Mier (collectively "the Miers" or the "individual defendants) are the only members of El Sol L.L.C.

## III.   Background

Because the summary judgment record is so sparse, the court includes the following information for context.  The court does not, however, rely on these facts in its analysis.

Plaintiff alleges that it is the owner of the rights to the program, which was telecast nationwide, and which took place on April 20, 2013.[2]  (Doc. 25 at 3 ¶ 3.a.)  The program was a pay-per-view event.

---

[1] Defendants presented the stipulations verbatim from the pretrial order.  (*See* Doc. 25 at 2 ¶ 2.) Defendants presented no other material facts or evidence in support of their motion which complied with the requirements of Fed. R. Civ. P. 56(c)(1) or D. Kan. R. 56.1(d).  The court does not include details from the stipulations that are immaterial to its analysis here.

[2] Although the parties reference the complaint throughout their briefing, the court cites to the parties' allegations in the pretrial order, which supersedes the complaint.  *See* D. Kan. R. 16.2(b); *Hullman v.*

(*Id.*)  There are different licenses, and different corresponding fees for those licenses, for personal and commercial showings.  (*Id.*)

Plaintiff alleges that "[d]efendants knew that they could not show the Program in their restaurant without paying for the appropriate commercial license," but "defendants intercepted the Program and displayed it at their restaurant" without the appropriate commercial license.  (*Id.*)  Plaintiff alleges that before displaying the program, defendants advertised on their Facebook page that, "We will be showing boxing match tonight.  (Alvarez v. trout)  So if you like to watch that stuff come on out for a good time"  [sic].  (*Id.*)  Plaintiff alleges that "[d]efendants showed the Program to receive the commercial advantage of increased business that night.  They showed the fight on both of the fifty-inch televisions located in the restaurant."  (*Id.*)

The individual defendants claim that they did not authorize the purchase of the program or authorize anyone on their behalf to purchase or exhibit the event.  They state, "It appears a third party without the knowledge of these defendants may have purchased the event . . . .  There was no unauthorized transmission or interception inasmuch as Plaintiff apparently licensed said transmission to a third party, unbeknown to defendants."  (*Id.* at 3 ¶ 3.b.)

**IV.   Analysis**

The individual defendants argue that they are entitled to summary judgment because they cannot be obligated personally for the "debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company."  (Doc. 26 at 2.)  Defendants state that Kan. Stat. Ann. § 17-7688(a) should apply to bar any action against the individual defendants because plaintiff has not put forth any evidence showing that it is proper to

---

*Bd. of Trs. of Pratt Cmty. Coll.*, 950 F.2d 665, 667 (10th Cir. 1991) ("The pretrial order supersedes the pleadings and controls the subsequent course of litigation.").

pierce the corporate veil here.[3]  (*Id.* at 9.)  Plaintiff's theory of the case, however, does not necessarily require piercing the corporate veil.  By attributing the alleged wrongful actions to all of the defendants, plaintiff pleads that the individual defendants personally participated in the alleged wrongdoing.  Defendants' motion does not address this.  Therefore, defendants have failed to show that there are no genuine issues of material fact, and on this record, the court will not grant summary judgment.  The court denies defendants' motion.

**IT IS THEREFORE ORDERED** that Individual Defendants' Motion for Summary Judgment and Memorandum in Support Thereof (Doc. 26) is denied.

Dated this 18th day of May, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

---

[3] Kan. Stat. Ann. § 17-7688(a) states as follows:

> Except as otherwise provided by this act, the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company.

(Doc. 26 at 6 (quoting Kan. Stat. Ann. § 17-7688).)